**Joseph F. GREEN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19915.

United States Court of Appeals, Sixth Circuit.

April 16, 1970.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

See also 6 Cir., 445 F.2d 847.

Joseph F. Green, in pro. per.

Ernest W. Rivers, U. S. Atty., John R. Wilson, Asst. U. S. Atty., Louisville, Ky., on brief, for respondent-appellee.

Before PHILLIPS, Chief Judge, and WEICK and McCREE, Circuit Judges.

On October 9, 1953, petitioner entered a plea of guilty to nine counts of an indictment charging him with transporting and concealing stolen motor vehicles in interstate commerce. He was represented by counsel of his own choosing.

His motion alleges that at the time his plea was taken, the District Judge did not explain to him the consequences of a guilty plea and that he did not understand them. Rule 11, in force at the time, provided:

"* * * The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge * * *."

The docket entries disclose that on October 9, 1953 a transcript of the sentencing which occurred on that date was filed. No transcript of the proceedings upon the plea of guilty was ever filed. The court reporter stated, in response to an inquiry made by petitioner before he filed his motion, that after ten years she had destroyed her notes.

Although the allegations of the motion are suspect, there was no evidence offered to refute them. We are therefore required to vacate the judgment. United States v. Machibroda, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. It should not be difficult to prove what transpired when the plea was made.

The judgment of the District Court is vacated and the cause is remanded for an evidentiary hearing.